UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JIMMY HARTFORD,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:23-cv-00263-ACA-HNJ |
| **SHERIFF JIMMY KILGORE,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation (doc. 10) recommending that the court **DENY** petitioner Jimmy Hartford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) and **DISMISS** his claims **WITHOUT PREJUDICE** for Mr. Hartford's failure to exhaust his remedies in state court. The court received Mr. Hartford's objections on January 2, 2024. (Doc. 11).

In his objections, Mr. Hartford argues state officials (1) initiated the criminal prosecutions against him "based on flawed or false pretenses;" (2) failed to indict him either by failing to present the case to a grand jury, or if they did so, failed to persuade the grand jury to indict; (3) failed to formally charge or book him in custody on the current charges; and (4) the state court failed to appoint Mr. Hartford counsel for forty-five to fifty days after he was incarcerated. (*Id.* at 1–3). These arguments

bear no relevance to the central issue addressed in the report and recommendation—*i.e.*, whether Mr. Hartford exhausted his state-court remedies. As the magistrate judge correctly explained, Mr. Hartford may assert his speedy trial claims and excessive bail/bond claims through a petition for habeas relief in state court and may assert his ineffective assistance of counsel claims at trial, on direct appeal, or in his first Rule 32 petition following any conviction. (*See* doc. 10 at 11–17).

To properly exhaust his state-court remedies, Mr. Hartford must take his claims to the Supreme Court of Alabama, either on direct appeal or collateral review. *See Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022); (*see* doc. 10 at 11–17). The appeal of his state habeas corpus petition is pending before the Alabama Court of Criminal Appeals. *See* Docket, *Ex parte Jimmy Hartford*, CR-2023-1000 (Ala. Crim. App.) (Ex. 6) [1]; (*see also* doc. 11 at 2–3). Mr. Harvey has therefore not exhausted his state remedies. Noncompliance with the exhaustion doctrine, however, may be excused if the petitioner can show doing so would have been futile. *See Johnson*, 32 F.4th at 1097; (doc. 10 at 17).

"To establish futility, [Mr. Hartford] must demonstrate that the 'state court has unreasonably or without explanation failed to address petitions for relief.'" *See*

---

[1] This court takes judicial notice of Mr. Hartford's state-court criminal and habeas records available at www.alacourt.com. *See Paez v. Sec'y Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (per curiam) (stating a federal habeas court may take judicial notice of state court dockets). Consistent with the Eleventh Circuit's guidance on best practices when judicially noticing facts under these circumstances, the undersigned attached a copy of the documents as exhibits to this filing. *See id.* at 653.

*Johnson*, 32 F.4th at 1097 (quoting *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991)). Mr. Hartford has failed to make that showing in the state district court action because the state district court has ruled on his pending motions in a matter of months. (*See, e.g.*, doc. 10 at 7–8); *Johnson*, 32 F.4th at 1097; *see generally State v. Hartford*, 61-DC-2022-000029.00 (Cir. Ct. Talladega Cnty., Ala.), Case Action Summary at 2 (Ex. 1); *State v. Hartford*, 61-DC-2022-000030.00 (Cir. Ct. Talladega Cnty., Ala.), Case Action Summary at 2 (Ex. 2); *State v. Hartford*, 61-DC-2022-000031.00 (Cir. Ct. Talladega Cnty., Ala.), Case Action Summary at 2 (Ex. 3).

Nor has he made that showing with respect to his March 2023 petition for habeas relief filed in the Circuit Court of Talladega County. (*See* doc. 11 at 2–3). In his objections, Mr. Hartford argues that as of December 25, 2023, the court had not held a hearing or responded to his petition. (Doc. 11 at 3). But after Mr. Hartford filed his objections to the report and recommendation, the state court denied his habeas petition and Mr. Hartford appealed the denial to the Alabama Court of Criminal Appeals, where it is currently pending. *See* Order, *Hartford v. State of Alabama*, CV-2023-900176.00 (Cir. Ct. Talladega Cnty., Ala. Jan. 3, 2024), Document 26 (Ex. 4); Docket, *Hartford*, CV-2023-900176 (Ex. 5); Docket, *Ex parte Jimmy Hartford*, CR-2023-1000 (Ala. Crim. App.) (Ex. 6). Therefore, Mr. Hartford has failed to demonstrate state court exhaustion would be futile. *Johnson*, 32 F.4th at 1097.

After careful consideration of the record in this case, the report and recommendation, and Mr. Hartford's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. (Doc. 10). Consistent with that recommendation, the court finds that Mr. Hartford's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (doc. 1) is due to be **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust his state-court remedies. The court also **DENIES** a certificate of appealability.

A final judgment will be entered.

**DONE** and **ORDERED** this February 13, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE